**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| STEVEN DIFFENDAL | : |
|    Petitioner | : |
|       v. | :  Civil Action No. WMN-07-2373 |
| STATE OF MARYLAND [1] | : |
|    Respondent | ..o0o.. |

**MEMORANDUM**

Pending is a 28 U.S.C. § 2244 petition filed by counsel on behalf of Steven Diffendal, an inmate at the Maryland Correctional Training Center, attacking his conviction in the Circuit Court for Baltimore County in 2004 for first-degree rape. In the petition, Diffendal claims ineffective assistance of trial counsel and challenges the constitutionality of Maryland's DNA collection statute. Counsel for respondent has filed an answer with exhibits requesting dismissal of the petition pursuant to 28 U.S.C. §2254(b) for failure to exhaust state court remedies. Upon review of the pleadings, exhibits, and applicable law, the court will dismiss the petition without prejudice for failure to exhaust state court remedies.

**Procedural Background**

Petitioner was tried by an agreed statement of facts and found guilty of first-degree rape on February 24, 2004. He was sentenced to forty years incarceration. Through counsel, he appealed his conviction to the Court of Special Appeals of Maryland, challenging the constitutionality of Maryland's DNA statute. By unreported opinion filed on March 28, 2006, the Court of Special Appeals of Maryland affirmed Diffendal's conviction and sentence. The Court of Special Appeals

---

[1] The proper party respondent as required by Rule 2(a), Rules Governing Section §2254 Cases in the United States is Petitioner's custodian, in this case D. Kenneth Harding, Warden of the Maryland Correctional Training Center. *See* 28 Foil. U.S.C. § 2254 Rule 2(a).

denied Diffendal's motion for reconsideration and the mandate issued on May 26, 2006. The Court of Appeals of Maryland denied review on August 30, 2006. The Supreme Court of the United States denied certiorari on February 20, 2007. Petitioner has yet to initiate state post-conviction proceedings for the judgment of conviction.

**Exhaustion of State Court Remedies**

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. *See* 28 U.S.C. §2254(b)&(c); *see also Rose v. Lundy,* 455 U.S. 509 (1982). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction.

In order for a state prisoner to satisfy the exhaustion requirement, he must have fairly presented both the same legal claims and the same supporting facts to each of the appropriate state courts. *See Gray v. Netherland*, 518 U.S. 153, 162-63 (1996). Where a federal habeas petition presents exhausted and unexhausted claims and the unexhausted claim or claims would not be considered by the state court if presented there, the claim is considered "to be exhausted and denied on adequate and independent state-law ground." *George v. Angelone,* 100 F.3d 353, 364-65 n. 14 (4th Cir. 1996). Where a petition presents both exhausted and unexhausted claims and state review remains available, the petition must be dismissed in its entirety unless the state has expressly waived the exhaustion requirement. *See Rose v. Lundy*, 455 U.S. at 522; 28 U.S.C. §2254(b).

Under Maryland Law, Petitioner was entitled to direct review of his convictions by the Court of Special Appeals as a matter of right and to further review in the discretion of the Court of Appeals of Maryland. *See* Md. Code Ann., Cts. and Jud. Proc. Art., §§12-201, 12-202, 12-203, 12-301, 12-302, 12-307, and 12-308 (2002 Repl. Vol.). Petitioner can also collaterally challenge his convictions

pursuant to the Maryland Uniform Post Conviction Procedure Act. *See* Md. Code Ann., Crim Pro. Art., §§ 7-101 *et seq.* (2001).

Claims of ineffective assistance of counsel are properly brought under the Maryland Uniform Post Conviction Procedure Act. *See Mosley v. State,* 378 Md. 548, 560 (2003). Because Petitioner has yet to seek relief under Maryland's Post Conviction Procedure Act, there remains an available avenue by which he can bring his ineffective assistance claim. Consequently, Petitioner has failed to satisfy the exhaustion requirements set forth at 28 U.S.C. §2254(b)-(c).

Comity and judicial efficiency make it appropriate for this court to insist on complete exhaustion before addressing the issues raised in the petition. *See Granberry v. Greer*, 481 U.S. 129 (1987). [2] The Court will dismiss the petition without prejudice in order to allow Petitioner to continue to pursue his state court remedies. [3] A separate order follows.

/S/

12/04/07
Date

William M. Nickerson
Senior United States District Judge

---

[2] Counsel for Petitioner is reminded that a one-year limitations period applies to 28 U.S.C. §2254 petitions. Once the judgment is final for the purposes of the statute, the limitations period is tolled while there is a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. §2244(d). In other words, tolling applies if the state post-conviction petition is filed within the one-year limitation period which commences from either the date of sentencing or the date the direct appeal proceedings were concluded, whichever date is later. *See id.*

[3] Petitioner might also raise claims concerning the Maryland DNA collection statute by way of a 42 U.S.C. §1983 civil rights proceeding.